IN THE CIRCUIT COURT OF THE 13th JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

LIAM CAIN,

     Plaintiff,

                             Case No.

v.

CIMINELLI REAL ESTATE
SERVICE OF FLORIDA, LLC,
a Florida Limited Liability Company,

     Defendant.

_____/

## <u>COMPLAINT</u>

Plaintiff, LIAM CAIN (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, CIMINELLI REAL ESTATE SERVICES OF FLORIDA, LLC, a Florida Limited Liability Company (hereinafter "Defendant"), and in support states as follows:

## <u>JURISDICTION AND VENUE</u>

1. This is an action by the Plaintiff for damages exceeding $50,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, and Florida Statutes, Chapter 760, *et seq*. ("FCRA"), to redress injuries resulting from Defendant's unlawful religious based discriminatory treatment of Plaintiff as well as retaliation for same.

2. Plaintiff also pleads violations of the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs, Breach of Contract, Quantum Meruit and Unjust enrichment to the extent that there are

unpaid commission based on Written and Oral Agreement and for all monies owed outside of the FLSA.

3.  This Court has jurisdiction of the claims herein pursuant to the FCRA, 29 U.S.C. §216(b), as well as breach of contract claims.

4.  The venue of this action is properly placed in Hillsborough County because the Defendant operates a business where Plaintiff worked at 4100 W. Kennedy Blvd, Suite 105, Tampa, FL 33609 within the jurisdiction of this Honorable Court.

5.  Defendant is a covered employer pursuant to Florida Statutes § 760.02(7) as Defendant is and was employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

6.  Defendant is a Florida Limited Liability Company having its main place of business in Hillsborough County, Florida, and Plaintiff worked for Defendant in Hillsborough County, Florida and throughout the state as an employee, and at all times material hereto was and is engaged in interstate commerce.

7.  Defendant is a covered employer for purposes of the FLSA and the Common Law Claims.

8.  Venue is proper in Hillsborough County because all of the actions that form the basis of this Complaint occurred within Hillsborough County and payment was due in Hillsborough County.

9.  Plaintiff filed a timely US EEOC Charge of Discrimination with the EEOC and concurrently with the Florida Commission on Human Relations on or about December 2, 2024, 511-2025-00831. This charge was filed pursuant to the workshare agreement and was filed both under Federal Law and State Law as noted on the charge.   As such, Title VII and the Florida Civil Rights Act are invoked.  A Right to Sue letter issued on June 20, 2025 signed by Tamra S.

Schweiberger, director of the and was copied to Defendant, as well as their counsel, Ashleigh Dyer at Baker, Donelson, Bearman, Caldwell & Berkowitz. ***See Exhibit A.***

10. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhustion of all pertinent administrative procedures and remedies.

<u>**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**</u>

12. Plaintiff was hired to work for Defendant in September 2024.

13. Plaintiff was employed as a Field Technician making $25.00 per hour.

14. As a Field Technician Plaintiff's job responsibilities included traveling to real estate locations to perform inspections of plumbing, electrical, and structural systems for potential buyers and sellers, as well as giving recommendations for any repairs needed.

15. Plaintiff's direct supervisor was Chris Reckart, however, Plaintiff was managed daily by Hunter Swearingen.

<u>**FACTUAL ALLEGATIONS COMMON TO FLSA CLAIM**</u>

16. In approximately September 2024, Plaintiff was given the start date of September 23, 2024 by Chris Reckart. On September 23 2024, a property manager, Syndey Kania, who was filling in for Reckart at the time, refused to allow Plaintiff to start on the 23rd stating that Plaintiff had not finished his background check or I9 paperwork.

17. Plaintiff reported this discrepancy to HR representative Melissa LNU, who corrected Kania via email and stated that Plaintiff was to begin work immediately.

*Page 3 of 14*

18. Swearingen then called Plaintiff and began cursing at him and threatening to fire him due to reporting the start date discrepancy to HR. Specifically Swearingen stated "If you don't want to play ball our way you will be terminated and not even start work."

19. Following that phone call Swearingen emailed Plaintiff telling him not to come to work until October 7, 2024.

20. Plaintiff regularly worked overtime hours for which he did not get paid for.

21. Plaintiff complained every pay period about not being compensated overtime hours via emails to Rickard and Swearingen.

22. Plaintiff worked 60 overtime hours without pay, causing Plaintiff to lose approximately $3,000.

23. Further, Plaintiff was told during his interview with Rickart that Plaintiff was to be paid for driving to and from worksites. However, Plaintiff was not paid for these hours.

24. For instance, Plaintiff had to drive approximately four hours to and from worksites each day.

25. Plaintiff worked approximately 160 regular hours for which he was not paid. Plaintiff lost approximately $5,000 in unpaid wages.

**FACTUAL ALLEGATIONS COMMON TO BREACH OF CONTRACT CLAIMS**

26. On or about September 14, 2024, Plaintiff signed an employment agreement stating that Plaintiff was to receive a work vehicle, company cell phone, and tools to complete his job, upon starting.

27. Upon information and belief, this agreement is in Defendant's possession.

28. Plaintiff was told during his interview that he was required to purchase a uniform including, five colored pants and a pair of boots, in which he would be reimbursed for. Plaintiff never received reimbursement for the uniform which cost him approximately $1,000.

*Page 4 of 14*

29. In approximately September 2024, Plaintiff was told verbally by Swearingen and Dan Carter, Plaintiff's trainer, to purchase the tools he needed to use for the job. Plaintiff was also told that he would be reimbursed for this payment. These tools included a variety of hand tools and power tools.

30. Plaintiff spent approximately $1800 on these tools and was not reimbursed.

31. Defendant kept these tools after terminating Plaintiff.

32. However, on October 7, 2024, Plaintiff did not receive any of those items promised to him. When Plaintiff brought this up to Swearingen, Swearingen told Plaintiff that he would receive those items in a week and that in the meantime, Plaintiff should use his personal vehicle to get to the office and from there he would be picked up to go to job sites.

33. Swearingen further told Plaintiff that his mileage and tolls would be reimbursed by the company during the time Plaintiff needed to use his personal vehicle.

34. After two weeks of work, Plaintiff had still not received the vehicle, company cell phone, or tools.

35. In approximately October 2024, Plaintiff finally received the company vehicle and company cell phone from another coworker who left the company. However, the vehicle was wrecked, and the phone was damaged. Plaintiff never received any tools that he, himself, did not pay for.

36. Plaintiff used his personal vehicle from October 7, 2024 to November 11, 2024, driving approximately 3,920 miles, and paying approximately $150 in tolls.

37. Plaintiff complained to Kania and Carter on multiple occasion about having to use his personal vehicle instead of receiving a company vehicle as promised, but was never compensated for those personal vehicle expenses.

*Page 5 of 14*

## FACTUAL ALLEGATIONS COMMON TO RELIGIOUS DISCRIMIMINATION AND RETALIATION CLAIMS

38. Plaintiff is a Caucasian male who practices Norse Paganism.

39. During Plaintiff's interview in September 2024, Plaintiff made Defendant aware that he practiced Norse Paganism and that he would like to request a few days off in observance of particular holidays for his religion. When Plaintiff made this statement Swearingen stated "I guess all of us can't be perfect like Christians."

40. In approximately October 2024 Plaintiff asked Swearingen for a day off in observance of his religion for Fall Solstice. Plaintiff was denied this request and told that no more than one person was allowed to be off on the same day.

41. On that date, Plaintiff showed up to work to find out that three people had been given that day off. Plaintiff asked Swearingen why he was lied to. Swearingen did not answer Plaintiff.

42. On or about November 4, 2024, Plaintiff reached out to HR director Jenna Steinwachs to file a report of discrimination against Swearingen for disparate treatment due to Plaintiff's religious beliefs. Plaintiff's report was filed and Steinwachs told Plaintiff that an investigation would be opened.

43. On or about November 5, 2024, Plaintiff requested, via Paychex and to Rickart via email, to take Veteran's Day' off, as Plaintiff is a veteran. Plaintiff's request was denied with no reason given.

44. On or about November 8, 2025, Plaintiff followed up with Steinwachs. Steinwachs stated that she had no information for Plaintiff and that Plaintiff would need to follow up with the Tampa office.

*Page 6 of 14*

45. On or about November 11, 2024, Plaintiff saw from security cameras on his home that Plaintiff's company vehicle was stolen from his driveway by another company employee.

46. A witness to Swearingen's treatment of Plaintiff, which was treatment that was different than other non-Norse Pagan employees include Dan Carter, Plaintiff's trainer.

47. On or about November 12, 2024, Plaintiff was terminated via email by Chris Rickart with no reason given.

### COUNT I
*Wage & Hour Federal Statutory Violation Against Defendant*

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this complaint as if set out in full herein.

49. This action is brought by Plaintiff to recover from Defendants unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

50. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

51. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, or otherwise regularly engages in interstate commerce, particularly with respect to its employees.

52. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

53. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

54. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

55. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

56. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

57. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
#### *Religion Discrimination in Violation of the FCRA*
#### *Against Defendant CIMINELLI*

58. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 and 38-47 of this Complaint as if set out in full herein.

59. Plaintiff practices a recognized religion, Norse Paganism, and is thus a member of a protected class under the FCRA.

60. Plaintiff was regarded as practicing such religion by Defendant and Defendant's agents and they were specifically informed of same.

61. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's religion and subjected the Plaintiff to religion-based animosity.

62. Such discrimination was based upon the Plaintiff's religion in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff practices Norse Paganism.

63. Plaintiff can and did perform the essential functions of his job with or without reasonable accommodation.

64. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's religion was unlawful but acted in reckless disregard of the law.

65. Defendant's discriminatory conduct was directly related to and because of Plaintiff's religion.

66. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

67. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

68. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

69. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

70. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to State law and statutes, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

71. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

H. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

I. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

J. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

K. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

L. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

M. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **COUNT III**
### *Retaliation Under The FCRA*

72. Plaintiff reasserts his allegations in paragraph 1-15 and 38-47 as if fully set forth herein.

73. Section 760.10(7) states:

> "It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

74. The FCRA accordingly prohibits retaliation against an employee for reporting conduct which would violate the terms of the FCRA.

75. Plaintiff's complaints of discrimination and disparate treatment were protected activities under the FCRA, for which he could not be adversely affected or terminated in retaliation.

76. Defendant's alleged bases for its adverse conduct against Plaintiff are pretextual and asserted only to cover up the retaliatory nature of its conduct.

77. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, the blatant comments and abusive behavior as well as the termination for suffering disability and exercising his legal rights related to disability accommodations precipitated defendant's discriminatory behavior.

78. As a result of Defendant's retaliatory actions, and its willful and malicious discharge of Plaintiff's employment as a result of complaints of discrimination, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

79. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious retaliatory conduct per statute.

80. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

N. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA;

O. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits;

P. Award Plaintiff as to this count prejudgment interest;

Q. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

R. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

## COUNT IV
### Breach of Written Agreement Against Defendant

81. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 and 26-37 of this complaint as if set out in full herein.

82. Defendant breached its written agreement with Plaintiff by failing to provide Plaintiff with the items provided under their agreement including a company vehicle, company cell phone, and tools.

83. Defendant breached the agreement by failing to comply with all terms.

84. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest and costs and any and all other relief that this Honorable Court deems just and proper.

## COUNT V
### Breach of Oral Agreement Against Defendant

85. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 and 26-37 of this complaint as if set out in full herein.

86. Defendant breached its oral agreements with Plaintiff by failing to pay the amount due to Plaintiff for tools and uniform pieces bought under their agreement.

87. Defendant also breached the agreement by failing to comply with all terms as outlined above.

88. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

*Page 13 of 14*

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest and costs and any and all other relief that this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of his above claims.

Date: September 16, 2025

Respectfully submitted,

By: /s/ *Jewell Gentry-Mickelson*
Daniel H. Hunt, Esq.
Florida Bar No.: 121247
dhuntlaw@gmail.com
**Jewell Gentry-Mickelson, Esq.**
**Florida Bar No. 1058041**
jewell@themiamishark.com
**THE MIAMI SHARK PA**
11767 S. Dixie Hwy #407
Pinecrest, FL 33156
Telephone: (305) 507-0511
Facsimile: (305) 513-5723

*Attorney for Plaintiff*

*Page 14 of 14*

# EXHIBIT "A"

EEOC Form 5 (5/01)

| # CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | _X_ FEPA (FCHR)<br>_X_ EEOC<br>___ MDCCHR | |

EEOC – U.S. Equal Employment Opportunity Commission
FCHR – Florida Commission on Human Relations.
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*)<br>Mr. Liam Peadar Cain | Home Phone (Incl. Area Code)<br>██████████ | Date of Birth<br>██████████ |
|---|---|---|
| Street Address<br>██████████ | City, State and ZIP Code<br>██████████ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>Ciminelly Real Estate Services of Florida, LLC<br>Chris Reckart<br>creckart@ciminelli.com | No. Employees, Members<br>15+ | Phone No. (Include Area Code)<br>(813)781-9171 |
|---|---|---|
| Street Address<br>4100 West Kennedy Blvd Suite 105 | City, State and ZIP Code<br>Tampa, FL 33609 | |

| DISCRIMINATION BASED ON (*Check appropriate box(es).*)<br><br>____ RACE  ___ COLOR  ___ SEX  _X_ RELIGION  __ NATIONAL ORIGIN<br><br>_X_ RETALIATION  ___ AGE  ___ DISABILITY  __OTHER | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest              Latest<br>09/23/24  and   11/12/24<br>___ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

My name is Liam Cain. My religion is Norse Pagan, and I am a Caucasian male. I was hired to work for Ciminelli Real Estate Services of Florida, LLC in September of 2024 as a Field Technician making $25.00 per hour.

My job duties included traveling to assigned commercial real estate locations to perform inspections of plumbing systems, electrical systems, and structural systems for potential buyers or sellers. I was also responsible for giving recommendations regarding necessary repairs.

My direct supervisor's name was Mr. Chris Reckart, but I was managed daily by Mr. Hunter Swearingen who is a Christian Caucasian male.

I began experiencing discrimination by Mr. Swearingen in September during the hiring process when he got involved with the details of my start date. During this process I was given a start date of September 23rd, 2024, by Mr. Chris Reckart and all my hiring paperwork was completed on that date. The company, however, refused to allow me to come to work on that day. A property manager, by the name of Ms. Sydney Kania who was filling in for Mr. Reckart, erroneously stated that my background check and I9 forms were not complete. This was not true. She was corrected via email by Melissa, an HR representative, and told that I was to begin work immediately.

Mr. Swearingen then got involved and called me directly. He began cursing at me and threatening my job due to my reporting the start date discrepancy to the HR department. He stated that if "I didn't want to play ball their way that I could be terminated and not even start work". Following that conversation, Mr. Swearingen sent an email stating that he and the property managers had decided not to allow me to come to work until October 7th

Upon beginning work I was to immediately receive a take home vehicle, company cell phone, and tools to complete my job. I did not receive these items and was told that they had to order them and that new ones would arrive in 1 week. Mr. Swearingen then advised me that I was to use my private vehicle to come to and from the main office every day and that I would be picked up from there to go to the jobsites. Mr. Swearingen and Mr. Reckart told me that my mileage and toll fees would be paid by the company during this time that I was using my private vehicle. This however never happened and I was not compensated me for those expenses.

After the 2 weeks passed, I had still not been assigned the equipment which I was promised. I was also not compensated for the uniforms which they required me to wear and guaranteed reimbursement for. Once a coworker quit, they then gave me a broken phone, wrecked truck, and limited tools. They advised me that this was what I was being assigned and that I was going out on my own with no information or knowledge of any of the worksites. My trainer, Mr. Dan Carter, expressed to them that this was not right and that they had never done that to anyone before. The response he received was that it was Mr. Swearingen decision for me to be treated this way.

I also did not get paid for my overtime hours. The time clock was supposed to start the minute I started driving the company issued vehicle to the worksites, however that did not happen. I had to first get into Hillsboro County and go to a specific location before I could clock in and out. This location was an hour away from my home. Additionally, an hour was taken away daily without me clocking in or out to lunch. I did not get compensated for my private vehicle mileage and tolls totaling approximately $150.00. No one else was subjected to this type of treatment.

The religious discrimination began in the Month of October when I requested off for one of my religious holidays. I advised them that I was not Christian and told them that my religion was Norse Pagan. My day off which I earned was denied and I was told it was due to a policy implemented by Mr. Swearingen that only one person was allowed off per day. This turned out to be untrue because on the day of my religious holiday, three people were given permission to be off. I inquired as to why I was misled with regards to this policy and received no response.

In November I requested off for Veterans' Day. This is an especially meaningful day for me as I am a decorated combat veteran. My request was denied with no reason given. My trainer Mr. Dan Carter then complained to office personnel as to why it seemed like they were treating me differently.

On November 4th I reached out to Headquarters and spoke to the HR director Ms. Jenna Steinwachs about filing a report of discrimination against Mr. Swearingen detailing the disparate treatment I was receiving from Mr. Swearingen due to my religious beliefs and practices. We had a conversation on Nov 5th. She took all my information down and said she would start an investigation. I am not aware of any investigation being conducted, however, because all communication from Ms. Steinwachs stopped after that conversation between her and I. I followed up with Ms. Steinwachs, and she said she had no information for me and that I needed to call the Tampa office.

On Monday November 11th I received an email from the HR System (paychex) requesting that I sign an updated employee handbook. I did not sign it. Later that same day, my son observed that the Ciminelly Real Estate Services company truck assigned to me was gone from our driveway. I looked at the camera system and saw that at approximately 5:49 pm a company pickup truck circled my property twice then one person got out, trespassed onto my property, got into the truck and drove off. The following day, I was fired.

My attorney is Daniel H. Hunt, Esq. 11767 S. Dixie Hwy, #407, Pinecrest, FL 33156, (305) 507-0511, dhuntlaw@gmail.com, nicole@themiamishark.com, jewell@themiamishark.com and erika@themiamishark.com.

Throughout my employment I was able to perform the essential functions of my job duties and responsibilities, and at all relevant times I did perform my job at satisfactory or above-satisfactory levels. Any reason given by my employer for the adverse employment actions is mere pretext for unlawful discrimination and retaliation. I believe that I have been discriminated against in violation of Title VII, the Civil Rights Act of 1964, the Florida Civil Rights Act, and local laws.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>12/2/2024<br>_____    _Liam Cain_<br>ID kzRMcbbPsthPHV8mEpsd4LVp<br>Date            *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>_Liam Cain_<br>ID kzRMcbbPsthPHV8mEpsd4LVp<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

# eSignature Details

**Signer ID:**      **kzRMchbPsthPHV8mEpsd4LVp**
Signed by:      Liam Cain
Sent to email:
IP Address:
Signed at:      Dec 2 2024, 1:50 pm EST

# EXHIBIT "B"



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Tampa Field Office**
501 East Polk St, Suite 1000
Tampa, FL 33602
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

**To:** Mr. Liam P. Cain

Charge No: 511-2025-00831

EEOC Representative and email:    REGINALD CARNEGIE
Investigator
reginald.carnegie@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 511-2025-00831.

On behalf of the Commission,

_____

Tamra S. Schweiberger
Director

**Cc:**
NA NA
4100 West Kennedy Blvd.  Suite 105
Tampa, FL 33609

Tom Mcgeachy
4100 West Kennedy Blvd. Suite 105
Tampa, FL 33609

Incident  Location
Ciminelly Real Estate Services of Florida LLC
4100 West Kennedy Blvd.  Suite 105
Tampa, FL 33609

Ashleigh Dyer
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
200 South Orange Avenue SUITE 2050
Orlando, FL 32801

Daniel H Hunt Esq.
The Miami Shark
11767 S. DIXIE HWY # 407
Pinecrest, FL 33156


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 511-2025-00831 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

**<u>To make a Section 83 request for your charge file</u>**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 511-2025-00831 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.